IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS ASHA XYAH GREENE,<br>    Plaintiff,<br>   v.<br>J. JONES, et al.,<br>    Defendants.        / | No. C 08-00677 CRB (PR)<br><br>**ORDER** |

    Plaintiff, a prisoner at California State Prison, has filed a pro se complaint for damages and injunctive relief under 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Eighth Amendment rights in connection with strip searches conducted by Defendants while Plaintiff was incarcerated at the California Correctional Institution ("CCI").

**DISCUSSION**

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>Id.</u> § 1915A(b). Pro se pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1)
2 that a right secured by the Constitution or laws of the United States was violated, and (2) that
3 the alleged violation was committed by a person acting under the color of state law. West v.
4 Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff, a member of the Nation of Islam, contends that the strip search practice at CCI is needlessly intrusive of his privacy rights. According to Plaintiff, before going to the yard or library, CCI instructs inmates to line up at tables and disrobe while correctional officers observe and search their clothes. The complaint alleges that female officers may be present during these searches, and that they are "eyeballing" the men while "they pretend to be searching clothes." Plaintiff also alleges that he heard a female officer make a comment about his calves after a search was done.

Generally, strip searches do not violate the Fourth Amendment rights of prisoners. See Michenfelder v. Sumner, 860 F.2d 328, 332-33. Routine visual body cavity searches do not violate prisoners' constitutional rights. Id. at 332. Strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," however, may be unconstitutional. Id. The Ninth Circuit has never held that a prison guard of the opposite sex cannot conduct visual body cavity searches. See Somers v. Thurman, 109 F.3d 614, 620 (9th Cir. 1997). In Somers, the court noted that its "prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Id. (emphasis omitted).

Here, Plaintiff fails to allege facts suggesting that the searches at CCI are unreasonable. Weighing the "significant and legitimate security interests of the institution against the privacy interests of the inmates," the Court concludes Plaintiff has not stated a claim for a violation of his constitutional rights. See Bell v. Wolfish, 441 U.S. 520, 560 (1979). As for the involvement of female officers, Plaintiff has not alleged that they were actually conducting searches of the inmates, but only that women were sometimes present to search the clothes. This limited involvement of female officers is not enough to constitute a

1 breach of Plaintiff's rights.  The cases cited by Plaintiff are inapposite and do not support a
2 contrary conclusion.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

**IT IS SO ORDERED.**

Dated: February 12, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE