IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS ASHA XYAH GREENE,

    Plaintiff,

  v.

J. JONES, et al.,

    Defendants.
                                       /

No. C 08-00677 CRB (PR)

**ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT**

    Plaintiff, a California state prisoner, filed a pro se Complaint for damages and injunctive relief under 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with strip searches conducted by Defendants, prison officials, while Plaintiff was incarcerated at the California Correctional Institution ("CCI"). See generally Compl. (dkt. 1). Although the Complaint alleged that the strip search practices at CCI were "needlessly intrusive," "unnecessarily public," and included two female officers "eyeballing" prisoners who were being searched, it provided little detail as to Plaintiff's legal claims. See id. at 4. The Complaint did, in its request for declaratory judgment, allege that Muslim prisoners at CCI were strip searched during the month of Ramadan, and that no other religious group was targeted and searched after religious services. Id. at 6.

    Plaintiff then filed an Amended Complaint, characterizing his case as "a civil rights action . . . for damages and injunctive relief under 42 U.S.C. section 1983, alleging excessive

use of force, discrimination based upon disability, race and religious belief and denial to process many grievances" as well as implicating "the torts of assault and battery and actions of omissions." <u>See</u> FAC (dkt. 9). Despite that characterization, the First Amended Complaint included no allegations relating to strip searches, and focused almost exclusively on Defendants' alleged failure to adequately respond to Plaintiff's grievances, and the resulting denial of Plaintiff's due process rights. <u>See, e.g.</u>, <u>id.</u> ¶¶ 10-17 (describing numerous grievances filed and concluding, "many filed administrative grievances was sent to defendant K. Sampson and directly to named defendants and none of them been answered."). The First Amended Complaint includes a "Claims for Relief" section, which alleges that the Defendants' actions constitute deliberate indifference and a violation of the Fourteenth Amendment, as well as "the tort of unnecessary force assault and battery via chemical agent." <u>Id.</u> ¶¶ 21-22.

This Court dismissed Plaintiff's case under 28 U.S.C. § 1915A(a), concluding that Plaintiff had failed "to allege facts suggesting that the searches at CCI are unreasonable." <u>See</u> Order of Dismissal (dkt. 18) at 2. Plaintiff timely appealed, and the Ninth Circuit Court of Appeals vacated and remanded the case. <u>See generally</u> Memorandum (dkt. 28). The Ninth Circuit explained that it did so because this Court's Order of Dismissal evaluated only Plaintiff's original Complaint, although Plaintiff had filed an Amended Complaint. <u>Id.</u> at 2. The Ninth Circuit instructed that "[o]n remand, the district court should provide [Plaintiff] leave to file a second amended complaint, after apprising him of the deficiencies in the original and amended complaints and the requirement that an amended complaint be complete in and of itself." <u>Id.</u> The Ninth Circuit further noted that Plaintiff had claimed that Muslim inmates at CCI were singled out for strip searches based on their religion. <u>Id.</u>

As directed by the Ninth Circuit, this Court GRANTS Plaintiff leave to file a Second Amended Complaint. The Court also provides Plaintiff with the following guidance.

Plaintiff's original Complaint and his First Amended Complaint both failed to clearly identify specific causes of action. <u>See</u> Compl. at 3 (including a heading entitled "Claims for Relief," not followed by individual claims); FAC at 6 (also including a heading entitled

2

1  "Claims for Relief," not followed by individual claims).  When a plaintiff is pro se, his
2  complaint must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3  Nonetheless, "[p]ro se litigants must follow the same rules of procedure that govern other
4  litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Federal Rule of Civil
5  Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain," among
6  other things, "a short and plain statement of the claim showing that the pleader is entitled to
7  relief."  F. R. Civ. P. 8(a).  Plaintiff's Second Amended Complaint should clearly identify
8  specific causes of action and, as to each cause of action, provide a short and plain statement
9  of the claim.

10  Moreover, a plaintiff's obligation to provide the grounds of his entitlement to relief
11 "requires more than labels and conclusions, and a formulaic recitation of the elements of a
12 cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
13 Rather, allegations in a complaint "must be enough to raise a right to relief above the
14 speculative level."  Id.  For example, to the extent that Plaintiff wishes to bring an Equal
15 Protection challenge based on the alleged strip searches of Muslim prisoners, "[t]o state a
16 claim under 42 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth
17 Amendment a plaintiff must show that the defendants acted with an intent or purpose to
18 discriminate against the plaintiff based upon membership in a protected class."  See Lee v.
19 City of Los Angeles, 250 F.3d 668, 676 (9th Cir. 2001).  Under Twombly, 550 U.S. at 555,
20 Plaintiff must not only allege those elements of an Equal Protection claim, but also support
21 his claim with factual allegations that "raise his right to relief above the speculative level."

22 Plaintiff's Second Amended Complaint must be complete in and of itself without
23 reference to his previously filed complaints.  See Civil Local Rule 15-220; see also Loux v.
24 Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (explaining that an amended complaint "supersedes
25 the original, the latter being treated thereafter as non-existent.").  Plaintiff should therefore
26 include in the Second Amended Complaint any and all causes of action, and any and all
27 allegations, that he wishes to assert in this case.  Nevertheless, Plaintiff should not include in
28 the Second Amended Complaint claims that are unrelated to the issues, time periods, and

3

location (CCI) raised in his first two complaints. To the extent Plaintiff wishes to raise entirely new issues, occurring at a different period and in someplace other than CCI, he is free to file a new case in the appropriate jurisdiction.[1]

Finally, "[p]ro se prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class." Abel v. Alameda Cnty, No. 07-3247, 2007 WL 3022252, at *1 (N.D. Cal., Oct. 13, 2007) (citing Fed. R. Civ. P. 23(a); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)).

Plaintiff may file a Second Amended Complaint, if he wishes to do so, **within 90 (ninety) days of this Order**. Failure to do so could result in dismissal of his case in its entirety.

**IT IS SO ORDERED.**

Dated: June 21, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff is now housed at Pelican Bay, within the Northern District of California. See Notice of Change of Address (dkt. 31).