IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS ASHA XYAH GREENE,<br><br>   Plaintiff,<br><br>   v.<br><br>J. JONES, ET AL.,<br><br>   Defendants.       / | No. CV 08-00677 CRB (PR)<br><br>**ORDER APPOINTING COUNSEL AND SCREENING CASE UNDER 28 U.S.C. § 1915A(a)** |

Plaintiff Greene, currently incarcerated in state prison and proceeding pro se, sued various state prison officials under 42 U.S.C. § 1983, alleging violations of his constitutional rights resulting from strip searches conducted at the prison. See generally Compl. (dkt. 1). This Court dismissed Greene's case under 28 U.S.C. § 1915A(a), concluding that Greene had not stated a claim because he had not alleged any facts suggesting that the strip searches were unreasonable. See Order, dkt. 18.

On appeal, the Ninth Circuit vacated and remanded, noting that this Court had not acknowledged and analyzed Greene's amended complaint in dismissing the case. The Ninth Circuit also "dr[ew] the district court's attention to Greene's claim that Muslim inmates at CCI were singled-out for strip searches, whereas inmates of other religions were not." Mem., dkt. 28, at 2.

On remand, Greene has requested appointment of counsel, see dkt. 47, and Defendants have requested that the Court again evaluate and dismiss the case under § 1915A(a), see dkt. 48. In light of the Ninth Circuit's instructions, the Court's § 1915A review concludes that "Greene's claim that Muslim inmates at CCI were singled-out for strip searches, whereas inmates of other religions were not" can proceed. After reviewing Greene's Second Amended Complaint, dkt. 34, the Court concludes that for the same reasons the Court initially dismissed this case, see dkt. 18, no other claims survive § 1915A review.

And, the Court concludes that there is good cause to appoint Plaintiff counsel. Accordingly, Nathaniel P. Garrett, of the law firm of Jones Day, is appointed to represent Plaintiff Greene in these proceedings in connection with his claim "that Muslim inmates at CCI were singled-out for strip searches, whereas inmates of other religions were not." Defendants have submitted nothing related to the merits of this claim, and the Court concludes that the prejudice, if any, to Defendants from permitting further amendment would be minimal. Accordingly, Plaintiff is GRANTED leave to file an amended complaint under Rule 15(a)(2) within sixty days of the filing of this Order.

**IT IS SO ORDERED.**

Dated: March 25, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE