KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MISHA D. IGRA, State Bar No. 208711
Supervising Deputy Attorney General
RUSSA M. BOYD, State Bar No. 239380
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 319-9476
 Fax: (916) 324-5205
 E-mail: Russa.Boyd@doj.ca.gov
*Attorneys for Defendant Gonzalez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MARVELLOUS ASHA XYAH GREEN<br>also known as<br>MARVELLOUS ASHA XYAH<br>also known as<br>MARCELLUS ALEXANDER GREENE<br>also known as<br>MARVELLOUS AMIR WARRIOR,<br><br>                Plaintiff,<br><br>  v.<br><br>J. JONES, et al.,<br><br>                Defendants. | 1:08-cv-00677 CRB (PC)<br><br>***AMENDED* PROTECTIVE ORDER** |

**IN ACCORDANCE WITH LOCAL RULES 141, 143, AND 251, IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

///

///

///

1

### A.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request that the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 18, below, that this Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER

Plaintiff seeks the production of documents, files, memoranda, letters, written reports, and other records that may contain information that Defendant contends has been deemed confidential by the California Department of Corrections and Rehabilitation ("CDCR") pursuant to California Code of Regulations, Title 15, sections 3450(d), 3321 and 3370;  California Government Code sections 6254(c) and (f); California Penal Code sections 832.7 and 6126.3; California Evidence Code sections 1043 and 1045; and Federal Rule of Civil Procedure 26(c) ("Confidential Documents").  Defendant contents that release of any such Confidential Documents, with or without redaction, may jeopardize the safety and security of the institution, as well as inmates and correctional personnel.  Therefore, Defendant shall be entitled, subject to the provisions of this Order, to designate in good faith which of the documents in his production are confidential.  The criteria for such a designation shall be whether the Confidential Document is of an inflammatory, sensitive, and confidential nature, such that the release of this information is inappropriate.

2

*Amended* Protective Order.  (1:08-cv-00677 CRB (PC))

With respect to any such Confidential Documents, the parties stipulate to the following procedure in the event that Defendant produces redacted copies of Confidential Documents, identified as confidential by Defendant in accordance with Section B.2 below:  (1) Upon receipt of Plaintiff's written request for unredacted versions of particularly identified Confidential Documents, Defendant will have 7 days—or longer upon agreement of the parties—to produce the requested unredacted documents; provided that (2) if Defendant contends in good faith that unredacted versions of the requested Confidential Documents are unlikely to lead to the discovery of admissible evidence, Defendant may withhold the requested unredacted versions and respond, within 7 days—or longer upon agreement of the parties—of receipt of Plaintiff's request, with a written request to meet and confer; (3) the parties shall meet and confer within 7 days of Defendant's request to determine whether they can agree that unredacted copies of the Confidential Documents  are likely to lead to the discovery of admissible evidence, and will be produced subject to the conditions set forth below; (4) if the parties do not agree, then the documents in question will be presented to the Court for *in camera* review; and (5) documents ordered to be produced after *in camera* review will be subject to the conditions of this protective order as set forth below or as modified by a subsequent Court order.

**B.    CONDITIONS FOR RELEASE AND DISCLOSURE OF CONFIDENTIAL DOCUMENTS**

1. Defendant must designate for protection only those parts of Confidential Documents that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Defendant shall indicate which Confidential Documents in its production it claims are confidential by producing such Confidential Documents on pink or lilac-colored paper, by stamping them as "confidential" on their face, or by other mutually agreeable means.  If Defendant does not indicate that a particular Confidential Document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to Defendant's right to assert confidentiality at a later date.

3

*Amended* Protective Order.  (1:08-cv-00677 CRB (PC))

     3.    Confidential information contained in Confidential Documents may be disclosed only to the following persons:

     a.    Counsel of record;

     b.    Paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record;

     c.    Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;

     d.    Any outside expert, consultant or professional vendor retained by the parties for purposes of this litigation;

     e.    The author or authors of the Confidential Document in question;

     f.    Witnesses, other than witnesses who are known to Plaintiff's counsel after reasonable inquiry to be currently or formerly incarcerated, to whom the Confidential Documents and the information contained in the Confidential Documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the Confidential Documents, and shall be informed or and shall agree to be bound by the terms of this order.  If the witness does not agree to the requirements set forth in this Order, Confidential Documents may not be disclosed to the witness.  For the purposes of this subsection (B.3.f) and the next (B.4), "reasonable inquiry" is satisfied by a good faith request to the individual in question, and to Defendant's counsel, and does not impose on Plaintiff's counsel any obligation to conduct additional records or criminal background searches, either on its own, through retention of an outside service provider, or through requests to Defendant or CDCR.

///

///

4

*Amended* Protective Order.  (1:08-cv-00677 CRB (PC))

**4. Plaintiff's counsel is prohibited from disclosing any Confidential information to Plaintiff, any inmate known to Plaintiff's counsel after reasonable inquiry to be presently or previously in the custody of the CDCR, or any individual known by Plaintiff's counsel after reasonable inquiry to be a relative of an inmate presently or previously in the custody of the CDCR.**

5. Plaintiff's counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by Plaintiff's counsel shall not make copies of the Confidential Documents except as necessary for purposes of this litigation, *Marvellous Amir Warrior (aka Greene) v. Gonzalez, et al.,* U.S.D.C., Eastern District of California, case no. 1:08-cv-00677 CRB (PC), including appeals.

6. Each person to whom disclosure of Confidential Documents and the information contained therein is made shall, prior to the time of disclosure, be provided a copy of this order and shall agree in writing that he or she has read this order, understands the provisions and conditions, and agrees to be bound by its provisions, and consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding relating to the enforcement of this order, including, without limitation, any proceeding for contempt.

7. All Confidential Documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

8. All Confidential Documents that are filed with the Court shall be filed under seal, labeled with a cover sheet bearing the case name along with the following statement: "This document is subject to a protective order issued by the Court and shall not be examined or copied except in compliance with that order." Upon failure of the filing party to file Confidential Documents under seal, any party may request that the Court place the document under seal.

5

*Amended* Protective Order.  (1:08-cv-00677 CRB (PC))

9. Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to Confidential Documents to which they would have access in the normal course of their official duties.

### C. CHALLENGING CONFIDENTIALITY

10. Plaintiff may challenge a designation of confidentiality at any time. Unless a prompt challenge to Defendant's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Plaintiff does not waive his right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

11. To challenge a designation of confidentiality, Plaintiff shall initiate the dispute resolution process by providing written notice of each designation he is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, Plaintiff must explain the basis for his belief that the confidentiality designation was not proper and must give Defendant an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. Plaintiff may proceed to the next stage of the challenge process only if he has engaged in this meet and confer process first or establishes that Defendant is unwilling to participate in the meet and confer process in a timely manner.

12. If the parties cannot resolve a challenge without court intervention, Plaintiff shall file and serve a motion to challenge confidentiality under Civil Local Rule 251 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be

6

*Amended* Protective Order. (1:08-cv-00677 CRB (PC))

accompanied by a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

13. The burden of persuasion in any such challenge proceeding shall be on Defendant (as designating party).  Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless Defendant has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the confidentiality designation until the court rules on the Challenge.

### D.     FINAL DISPOSITION

14. Within 60 days after the final disposition of this litigation, including appeals, all Confidential Documents, including copies, shall be destroyed or returned to Defendant's counsel.

15. When Plaintiff's counsel returns or destroys the confidential Documents, counsel shall provide Defendant's counsel with a declaration stating that all confidential Documents have been returned or destroyed.

### E.     MISCELLANEOUS

16. Nothing in this Order abridges the right of either party to seek its modification by the court in the future.

17. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to the use of any of the material covered by this Protective Order in any proceeding, including trial.

18. Without written permission from Defendant or a court order secured after appropriate notice to all interested persons, Plaintiff may not file in the public record in this action any Confidential Document.  A party that seeks to file under seal any Confidential Document must comply with Local Rule 141.  Confidential Documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific protected material at issue.

7

*Amended* Protective Order.  (1:08-cv-00677 CRB (PC))

19. The provisions of this protective order are without prejudice to the right of any party:

    a.    To apply to the Court for a further protective order relating to any Confidential Documents or material, or relating to discovery in this litigation;

    b.    To apply to the Court for an order removing the designation from any Confidential Documents; or

    c.    To object to a discovery request.

20. This Protective Order shall be binding on the parties as of the date it is signed by the parties. The provisions of this order shall remain in full force and effect until further order of this Court.

**IT IS SO STIPULATED.**

July 28, 2014

    */s/ Russa M. Boyd*
    RUSSA M. BOYD
    Attorney for Defendant

July 28, 2014

    */s/ Daniel L. Corbett*
    DANIEL L. CORBETT
    Attorney for Plaintiff

**IT IS SO ORDERED.**

July _52____, 2014

[Stamp: IT IS SO ORDERED / Judge Charles R. Breyer / United States District Court, Northern District of California]

_____
DISTRICT JUDGE

SA2012307758
SFI-864278v1

8

*Amended* Protective Order. (1:08-cv-00677 CRB (PC))